UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

MICHAEL McCUNE,                                )
                                               )
                    Petitioner,                )
        vs.                                    )        2:05-cv-177-RLY-WGH
                                               )
CRAIG HANKS, Superintendent,                   )
                                               )
                    Respondent.                )

**Entry Discussing Petition for Writ of Habeas Corpus**

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

In these circumstances, habeas petitioner McCune was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

In a disciplinary proceeding identified as No. WVE 04-06-0080, McCune was charged with and found guilty of intimidation or threatening Officer T. Seifert with bodily harm. In this action for a writ of habeas corpus, McCune challenges that determination by contending that the conduct board was not impartial, that there was insufficient evidence to support the decision of the conduct board, and that the conduct board gave an inadequate written summary of its finding.

Using the protections recognized in *Wolff v. McDonnell,* 418 U.S. 539 (1974), and *Hill* as an analytical template, McCune received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) McCune was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board and reviewing authority issued a sufficient statement of their findings, and (3) the conduct board and the reviewing authority issued a written reason for their decisions and for the sanctions which were imposed. With respect to the sufficiency of the evidence, the evidence favorable to the conduct board's decision has already been described. The information recited in the conduct report contains ample information from which the conduct board could have reasonably found McCune guilty of the threat/intimidating conduct with which he had been charged. *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found. . . [the petitioner] guilty of the offense on the basis of the evidence presented").

McCune's contentions that the proceeding was constitutionally infirm are unpersuasive.

● The sufficiency of the evidence has already been considered. Either McCune made the statements or he didn't. The conduct board concluded that McCune had made the statements. This finding is supported by the explicit account of the statement and of the circumstances in the conduct report itself. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Indeed, even "meager" proof will suffice. *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000). Although the evidence before the disciplinary board must "point to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), "only evidence that was presented to the Adjustment Committee is relevant to this analysis." *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992); see also *Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

● McCune persists in arguing that, to satisfy the requirements of due process, the conduct board's decision was required to be made based on the preponderance of the evidence, but as *Hill* shows, this is not the law.

● McCune contends that his right to be heard was violated, but he supports this claim with the explanation that he had previously been falsely accused of similar conduct by the same officer two years previously. It was not an abuse of discretion, however, for the conduct board to refuse to consider an extended statement of the prior incident. *See Wolff,* 418 U.S. at 566 (explaining that prison officials have the right and the responsibility to keep disciplinary proceedings within reasonable limits).

● McCune contends that the conduct board was biased against him. In instances of bias or partiality, due process requires recusal of the decision-maker only where the decision-maker has a direct personal or otherwise substantial involvement in the circumstances underlying the charges against the offender. *Redding v. Fairman,* 717 F.2d 1105, 1113 (7th Cir. 1983) (citing *Rhodes v. Robinson,* 612 F.2d 766, 773 (3rd Cir. 1979)). McCune has not shown, nor has he even suggested, any substantial involvement on the part of board members in the circumstances underlying the charge against him. In fact, the only involvement appears to be their role as conduct board members. McCune contends that the board was biased against him because his request for a continuance was denied,

but this general statement does not show that the conduct board was other than impartial. On the contrary, a board that follows established procedures, whose discretion is circumscribed by regulations, and which adheres to *Wolff's* procedural requirements, does not pose a hazard of arbitrariness which violates due process. *Wolff*, 418 U.S. at 571. *See McPherson v. McBride,* 188 F.3d 784, 787 (7th Cir. 1999)("as long as procedural protections are constitutionally adequate, we will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent."). McCune's claim that he was denied an impartial decision-maker is without merit.

- McCune contends that the conduct board gave an inadequate written summary of its findings. He argues that the conduct board was required to supply a written explanation of its credibility determination. A conduct board's statement of its findings is required by *Wolff* to inform the inmate of what occurred and to permit meaningful administrative and judicial review. *See Culbert v. Young,* 834 F.2d 624, 630 (7th Cir. 1987) (applying both *Wolff* and *Hill,* the court reached the conclusion that "the kind of statements that will satisfy the constitutional minimum will vary from case to case depending on the severity of the charges and the complexity of the factual circumstances and proof offered by both sides). This requirement was satisfied here, where the conduct board listed the evidence on which it relied as the conduct report, staff reports, witness statements, and McCune's statement, and where the written statement of its finding was that it found McCune guilty. *See Saenz v. Young,* 811 F.2d 1172, 1174 (7th Cir. 1987) (where it is "obvious" that a disciplinary committee believed the conduct report and disbelieved the plaintiff and there is no mystery about its reasons, even a statement of extreme brevity concerning the reasons for its findings is not below the constitutional minimum).

In short, claims such as those presented in this case must be considered in light of the special environment of a prison, where administrators "must be accorded wide-ranging deference in the . . . execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Pardo v. Hosier*, 946 F.2d 1278, 1280-81 (7th Cir. 1991) (internal quotations omitted). "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings which entitles McCune to relief. His claim that he was denied the protections afforded by *Wolff* is either refuted by the expanded record or based on assertions which do not entitle him to relief. Accordingly, his petition for a writ of habeas corpus must be **denied** and this action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:    10/12/2005

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana